UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

WILLIAM A. ROMERO
and other similarly situated individuals,

    Plaintiff (s),
v.

NEW PARK TOWER, LLC,
ALVARO SANCHEZ, and
CHRISTINE SANCHEZ, individually

    Defendants.
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff WILLIAM A. ROMERO, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants NEW PARK TOWER, LLC, ALVARO SANCHEZ, and CHRISTINE SANCHEZ, individually and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff WILLIAM A. ROMERO was a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant NEW PARK TOWER, LLC (hereinafter, NEW PARK TOWER, or Defendant) is a Florida corporation with its place of business in Miramar, Broward County, within the

jurisdiction of this Court. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendants ALVARO SANCHEZ and CHRISTINE SANCHEZ were and are now the owners/partners/ officers president and manager of Defendant Corporation NEW PARK TOWER. Defendants ALVARO SANCHEZ and CHRISTINE SANCHEZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] and are jointly liable for Plaintiff's damages.

5. All the actions raised in this Complaint took place in Broward County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff WILLIAM A. ROMERO as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked over forty (40) hours during one or more weeks on or after September 2018, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant NEW PARK TOWER is a residential rental community located at 2261 S. Sherman Circle, Miramar, FL 33025, where Plaintiff worked.

8. Defendants NEW PARK TOWER, ALVARO SANCHEZ, and CHRISTINE SANCHEZ employed Plaintiff WILLIAM A. ROMERO as maintenance and janitorial employee from approximately June 15, 2010, and up to the present, September 23, 2021, he continues his

employment with Defendants. Therefore, to this date, September 23, 2021, Plaintiff has been employed by Defendants for more than 10 years. However, for FLSA's purposes, Plaintiff's relevant time of employment is 155 weeks.

9. Plaintiff was hired as a non-exempted, full-time, hourly employee. Plaintiff's last wage rate was $10.00 an hour. Plaintiff's overtime rate should be $15.00 an hour.

10. Plaintiff had duties as maintenance and janitorial employee, and he worked at the residential buildings of NEW PARK TOWER.

11. While employed by Defendants, Plaintiff had a regular schedule. He regularly worked 6 days per week. From Monday to Friday, Plaintiff worked on the clock from 9:00 AM to 5:00 PM (8 hours daily). On Saturdays, Plaintiff worked from 9:00 AM to 1:00 PM (4 hour). Thus, Plaintiff worked a minimum of 44 hours every week. Plaintiff was paid on-the-clock overtime hours at his regular rate.

12. However, during his employment with Defendants, Plaintiff worked off-the-clock hours that were not paid to him at any rate, not even at the minimum wage rate, as required by law.

13. Plaintiff lived at the premises, and he was required to perform maintenance work after his regular shift. Plaintiff worked an average of 6 off-the-clock hours every week. These off-the-clock hours constitute unpaid overtime hours.

14. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants required Plaintiff to work off-the-clock hours, and they knew about the total number of hours worked by Plaintiff.

15. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

17. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the real number of hours worked.

18. Plaintiff intends to recover a minimum of 2 half-time hours for every hour in excess of 40 weekly that was paid at his regular rate, plus a minimum of 6 off-the-clock overtime hours weekly at the rate of one time and a half his regular rate, for all the relevant weeks of employment with Defendants, liquidated damages, and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

20. Plaintiff WILLIAM A. ROMERO re-adopts every factual allegation stated in paragraphs 1-19 above as if set out in full herein.

21. This action is brought by Plaintiff WILLIAM A. ROMERO and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate, not less than one and a half times the regular rate at which he is employed."

22. The employer NEW PARK TOWER was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a residential rental community. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

23. Plaintiff was employed by an enterprise engaged in interstate commerce, and through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on good and materials and

materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

24. Defendants NEW PARK TOWER, ALVARO SANCHEZ, and CHRISTINE SANCHEZ employed Plaintiff WILLIAM A. ROMERO as maintenance and janitorial employee from approximately June 15, 2010, and up to the present, September 23, 2021, he continues his employment with Defendants.  To this date, September 23, 2021, Plaintiff has been employed by Defendants for more than 10 years.  However, for FLSA's purposes, Plaintiff's relevant time of employment is 155 weeks.

25. Plaintiff was hired as a non-exempted, full-time, hourly employee. Plaintiff's last wage rate was $10.00 an hour. Plaintiff's overtime rate should be $15.00 an hour.

26. Plaintiff had duties as maintenance and janitorial employee, and he worked at the residential buildings of NEW PARK TOWER.

27. While employed by Defendants Plaintiff had a regular schedule, he regularly worked 6 days per week, a minimum of 44 hours. Plaintiff was paid some overtime hours, but at his regular rate.

28. However, during his employment with Defendants, Plaintiff worked off-the-clock hours that were not paid to him at any rate, not even at the minimum wage rate, as required by law.

29. Plaintiff lived at the premises, and he was required to perform maintenance work after his regular shift.  Plaintiff worked an average of 6 off-the-clock hours every week.  These off-the-clock hours constitute unpaid overtime hours.

30. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants required Plaintiff to work off-the-clock hours, and they knew about the total number of hours worked by Plaintiff.

31. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

32. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the real number of hours worked.

33. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants.  Nevertheless, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

34. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

35. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

36. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

37. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate. After proper discovery, calculations will be adjusted accordingly.

    a. <u>Total amount of alleged unpaid wages</u>:

       Seventeen Thousand Fifty Dollars and 00/100 ($17,050.00)

   b.  <u>Calculation of such wages</u>:

     Total time of employment: more than 10 years
     Total relevant weeks of employment: 155 weeks
     Regular rate: $10.00 an hour x 1.5= $15.00
     O/T rate: $15.00 an hour

      **I.**    **O/T calculations for 4 half-time hours weekly=155 weeks**

     Total number of hours worked: 44 weekly
     Total number of overtime hours: 4 O/T hours paid at regular rate
     Regular rate: $10.00 an hour x 1.5= $15.00-$10.00 rate paid=$5.00 half-time

     Half-time $5.00 x 4 O/T hours = $20.00 weekly x 155 weeks=$3,100.00

      **II.**    **O/T calculations for 6 off-the-clock overtime hours weekly=155 weeks**

     Total number of off-the-clock overtime hours worked: 6 hours weekly
     Regular rate: $10.00 an hour x 1.5= $15.00
     O/T rate: $15.00 an hour

     O/T rate $15.00 x 6 off-the-clock O/T hours = $90.00 weekly x 155 weeks=$13,950.00

     Total I, and II: $17,050.00

   c.  <u>Nature of wages (e.g. overtime or straight time)</u>:

     This amount represents the unpaid half-time overtime hours.

38. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay Plaintiff and others similarly situated at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

39. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain

owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

40. At the time mentioned, individual Defendants ALVARO SANCHEZ and CHRISTINE SANCHEZ were and are now the owners/partners and manager of NEW PARK TOWER. Defendants ALVARO SANCHEZ and CHRISTINE SANCHEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that this individual Defendants acted directly in the interests of NEW PARK TOWER concerning its employees including Plaintiff and others similarly situated. Defendants ALVARO SANCHEZ and CHRISTINE SANCHEZ had absolute operational and financial control of the business, and they are jointly and severally liable for Plaintiff's damages.

41. Defendants NEW PARK TOWER, ALVARO SANCHEZ, and CHRISTINE SANCHEZ willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff and other similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

42. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff WILLIAM A. ROMERO and other similarly situated individuals and against the Defendants NEW PARK TOWER, ALVARO SANCHEZ, and CHRISTINE SANCHEZ, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff WILLIAM A. ROMERO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff WILLIAM A. ROMERO demands trial by jury of all issues triable as of right by jury.

DATED: October 20, 2021

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*